# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KISLING,<br><br>        Plaintiff,<br><br>   v.<br><br>MARGARET MIMMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.  1:11-cv-00865-LJO-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Richard Kisling[1] ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 27, 2011.  (ECF No. 1.)  This Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to

---

[1] From the Complaint, the Court is unable to determine Plaintiff's status.  He states his address as the Fresno County Jail, thus, he could be a pretrial detainee, a civil detainee, a state prisoner, etc.  However, as the only claim Plaintiff alleges is inadequate access to the courts, his status is less important because it will not change the applicable standard.

1

state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at the Fresno County Jail, brings this action for violation of his right to access to the courts. Plaintiff names the following individuals as

Defendants: Margaret Mimms, Michelle LeFors, Ron Vega, Susan Watkins, and Paul Rayner.

Plaintiff alleges as follows: On April 13, 2011, Plaintiff requested access to the law library. In his request, he identified an active superior court case in which he was acting without counsel. The following day, April 14, 2011, Defendant LeFors denied the request because the policy states that inmates with actions regarding the current charges holding them are the only inmates afforded access to the law library. On April 16, 2011, Plaintiff filed a grievance which was denied on April 26, 2011 by Defendant LeFors, and affirmed by Defendant Vega and Defendant Watkins.

Plaintiff seeks monetary and punitive damages, and injunctive relief.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Access to Courts

Plaintiff alleges that he was denied access to the law library, which the Court assumes is an argument for denial of access to the courts.

Prisoners have a constitutional right to petition the government for redress of their

grievances, which includes a reasonable right of access to the courts. O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1948, 52 L.Ed.2d 72 (1977). To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) defendants have frustrated or impeded a nonfrivolous legal attack on his conviction, sentence, or the conditions of his confinement; and (2) he has suffered an actual injury as a result. Lewis v. Casey, 518 U.S. 343, 353–55, 116 S.Ct. 2174, 2181–82, 135 L.Ed.2d 606 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348, 116 S.Ct. at 2178.

In general, a prisoner only has a First Amendment right to law library access to enable him to challenge his conviction or sentence, or to bring a Section 1983 claim challenging his conditions of confinement. See Lewis, 518 U.S. at 354, 116 S.Ct. at 2181–82. The Supreme Court has explained:

> The tools [Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 255, 116 S.Ct. at 2181.

Here, Plaintiff fails to state what his case in superior court was regarding. He also fails to allege that the denial of access injured him in some way. Plaintiff fails to meet both

4

standards. He has not alleged sufficient facts demonstrating that his superior court case is nonfrivolous or that the litigation was frustrated. He has also failed to allege any facts suggesting any injury occurred as a result. Plaintiff also insufficiently described the nature of the jail's policy that he is challenging.

Plaintiff's claim is dismissed and he is granted leave to amend to attempt to state such a claim.

### B.     Personal Participation of Defendants

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that Defendant Mimms and Defendant Rayner personally acted to violate his rights. Plaintiff complains that he was denied access to the law library by Defendant LeFors, and then that decision was affirmed by Defendants Vega and Watkins. However, Plaintiff does not specifically link any of his complaints to Defendants Mimms or Rayner. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.
//

5

## V. **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted under section 1983 against any of the named defendants. Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide him with time to file an amended complaint to address these deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants only relating to issues arising because of the April 2011 denial of access to the law library.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-865-LJO-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    October 3, 2011

UNITED STATES MAGISTRATE JUDGE