# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KISLING,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARGARET MIMS, et al.,<br><br>　　　　　Defendants. | 1:11cv00865 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Richard Kisling ("Plaintiff") is detained in the Fresno County Jail and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 27, 2011. On October 4, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. On November 2, 2011, Plaintiff filed his First Amended Complaint. He names Fresno County Sheriff Margaret Mims, Michele LeFors, Ron Vega, Susan Watkins and Paul Rayner as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that is serving an indeterminate civil commitment to the California Department of Mental Health. On February 22, 2011, Plaintiff filed a pro se motion "in regard to the indefinite civil commitment" in the Sacramento County Superior Court. Complaint, at 3.

On February 24, 2011, however, Plaintiff explains that the Department of Mental Health ceded custody and jurisdiction of Plaintiff to the Fresno County Sheriff on an unrelated criminal matter.

On April 13, 2011, Plaintiff alleges that he requested access to the law library. Defendant LeFors denied access, citing the "policy" of Defendant Mims.

On April 17, 2011, Plaintiff filed an appeal of Defendant LeFor's decision. Plaintiff alleges that Defendant LeFors "acted as the investigating staff member." Complaint, at 3. Defendant Watkins and Vega co-signed the denial of the appeal.

On May 24, 2011, Plaintiff alleges that he requested legal reference material from the law library. Defendant Rayner denied the request pursuant to an alleged "policy and practice." Complaint, at 3.

Plaintiff contends that these denials rendered his motion "moot" and have rendered his "ability to respond to any appeals related to his indefinite civil commitment" futile. Complaint, at 3.

He requests monetary damages and injunctive relief.

C.      **ANALYSIS**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th

3

Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at 655.

      Here, Plaintiff challenges the impacts of Defendant Mim's "policies" on his ability to challenge his civil commitment.  From the allegations in his First Amended Complaint, however, it appears that Plaintiff is no longer being held pursuant to the indeterminate civil commitment.  On February 24, 2011, two days after he filed his motion, the Department of Mental Health ceded custody and jurisdiction of Plaintiff to the Fresno County Sheriff on an unrelated criminal matter.  Therefore, Plaintiff is currently in custody for a criminal matter and the Department of Mental Health no longer has jurisdiction over him.  This renders any challenge to his indeterminate civil commitment to the Department of Mental Health moot.

      Additionally, Plaintiff has again failed to allege with sufficient specificity any actual injury.   He states that the alleged denials rendered his motion "moot," but as explained above, it appears his motion was moot because the Department of Mental Health no longer had custody of Plaintiff.  He also cites "any appeals" related to his civil commitment, but again, he is no longer being held pursuant to the civil commitment .  Plaintiff cannot demonstrate an actual injury when the alleged denials of access relate to proceedings that are no longer relevant.

## **RECOMMENDATION**

      Plaintiff fails to state any cognizable claims against any Defendant.  Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified.  However, he appears unable to state a claim and therefore further leave to amend should not be granted.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

      Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

      1.    This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 17, 2013**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE